JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant B.F. (appellant) appeals from the juvenile court's decision finding him delinquent and convicting him of abduction, felonious assault, aggravated menacing and unlawful possession of a dangerous ordnance, with firearm specifications. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On March 29, 2004 appellant was outside his father's house with other children from the neighborhood, when A.M. (the victim) claims he told her to come inside the house with him because he had something to show her. According to the victim's testimony, the two went inside the house where appellant grabbed the victim by her hands and pointed a gun at her head. Appellant told her he would shoot her if she told anyone about the incident. Appellant then took the victim upstairs to the second floor of the house and led her into his bedroom at gunpoint. He kept her there for approximately two minutes, then left the bedroom. The victim quietly exited the house and returned to the children in the yard. Moments later, appellant leaned out of his bedroom window and, addressing the other children in the yard, waived the gun in the air, pointed it at the group and said, "Hey, Frankie, look."[1]
 {¶ 3} One of the children called the police and appellant was taken into custody. On March 30, 2004 appellant was charged with kidnapping in violation of R.C. 2905.01(B)(1); felonious assault in violation of R.C.2903.11(A)(2); two counts of aggravated menacing in violation of R.C.2903.21; and unlawful possession of a dangerous ordnance in violation of R.C. 2923.17, with one- and three-year firearm specifications. On May 7, 2004 trial commenced and count one was reduced from kidnapping to abduction in violation of R.C. 2905.02(A)(2). The court found appellant delinquent on all charges and on May 21 committed him to one year at the Ohio Department of Youth Services on the underlying felony and one year on the firearm specification, to run consecutively.
 II. {¶ 4} In his sole assignment of error, appellant argues that he "did not receive effective assistance of trial counsel which prejudiced the determination of his case where the critical testimony of the victim was elicited by means of highly objectionable leading questions from the prosecutor which his trial counsel failed to object to whatsoever." Specifically, appellant argues that his conviction was based primarily on the victim's testimony and "it does not appear that [she] had any credible, independent recollection of the involved event."[2]
 {¶ 5} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington
(1984), 466 U.S. 668; State v. Brooks (1986), 25 Ohio St.3d 144. In Statev. Bradley, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v. Bradley
(1989), 42 Ohio St.3d 136. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 142.
 {¶ 6} In the instant case, appellant argues that during the victim's direct testimony, defense counsel did not object once to the prosecutor's leading and suggestive questions. Appellant fails to cite any examples of what he suggests are leading questions, instead pointing to the entire 30 pages of direct testimony.[3] Additionally, appellant fails to point to the prosecutor's redirect examination, where defense counsel objected twice to leading questions.[4] Both objections were sustained. Finally, appellant fails to offer any evidence that his outcome would have been different had he been properly represented. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Kilbane, J., concur.
[1] Tr. at 48.
[2] Appellant's brief at 1.
[3] Tr. at 25-55. In looking at the prosecutor's direct examination of the victim, it is worth noting that Evid.R. 611(C) states "[l]eading questions should not be used on the direct examination of a witnessexcept as may be necessary to develop his testimony." (Emphasis added.) This exception is broad and it is within the trial court's discretion to allow the use of leading questions. See, e.g., State v. Lewis (1982),4 Ohio App.3d 275; State v. Timperio (1988), 38 Ohio App.3d 156. In the instant case, the victim was 12 at the time she testified, therefore, even if we were to find the questions leading, it may have been within the trial court's discretion to allow them.
[4] Tr. at 65.